UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

WILLIAM C. EDWARDS,
For himself and on behalf of all
similarly situated individuals.

    Plaintiffs,

v.    CIVIL ACTION NO.: 3:11CV039

DILLARD'S, INC.

    Defendant.

---

## CLASS COMPLAINT

---

COMES NOW, the Plaintiff, William C. Edwards, on behalf of himself and all similarly situated individuals and alleges the following claims:

### INTRODUCTION

1. This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq.* The FCRA imposes on employers that use a consumer's public records background check several important procedural requirements designed to protect consumers like Plaintiff. Plaintiff was working for Defendant and Defendant used an unauthorized consumer report which it obtained from a credit reporting agency to discharge Plaintiff. In doing so, Defendant failed to comply with certain procedural protections and requirements imposed on it by the FCRA.

### JURISDICTION/VENUE

2. The Court has jurisdiction under the FCRA, 15 U.S.C. §1681n and 1681p.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Plaintiff lives in Richmond and applied for employment and became employed by the Defendant in Richmond.

4. Defendant also maintains the office of its registered agent for service of process in Glen Allen, Virginia, which office is located in this district and division.

## NAMED PARTIES

5. William C. Edwards (hereinafter "Edwards" or "Plaintiff") is a citizen of Richmond, Virginia and a "consumer" as protected and governed by the FCRA

6. Dillard's, Inc. (hereinafter "Dillard's" or "Defendant") is a Delaware corporation with it's principle place of business in Little Rock, AR.

7. At all times relevant hereto, Dillard's was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

8. Dillard's ranks among the nation's largest fashion apparel, cosmetics and home furnishings retailers with annual nationwide revenues exceeding $6 billion.

9. Dillard's operates 296 locations and 14 clearance centers spanning 29 states.

10. Plaintiff applied for an obtained a job at the Dillard's located within this district and division of the Court.

## UNNAMED PARTIES

11. Acxiom Information Security Services (hereinafter "Acxiom") supplied the consumer report for Plaintiff to Defendant.

12. Acxiom was and is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f).

13. Acxiom was and is regularly engaged in the business of assembling, evaluating,

and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

14. Acxiom was and is disbursing such consumer reports to third parties under contract for monetary compensation.

15. Upon information and belief, Defendant also obtained consumer reports purportedly for employment purposes from additional consumer reporting agencies during the FCRA statute of limitations period.

16. Those employees and prospective employees who suffered an adverse employment decision based in whole or in part on the reports are included in the prospective class.

17. Upon information and belief, any additional consumer reporting agencies that supplied consumer reports purportedly for employment purposes to Defendant were regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

## FACTS AS TO EDWARDS

18. Edwards applied for an obtained a job with Dillard's in early February 2010.

19. As part of the application process, Edwards may have authorized a consumer report.

20. If Edwards authorized a consumer report, the preceding disclosure was not a clear and conspicuous disclosure made in writing before the report was procured, nor was it contained in a document that consisted solely of the disclosure. Thus Defendant lacked a permissible

purpose to obtain Edward's consumer report.

21. Edwards commenced employment with Dillard's as a dock worker, maintenance man and custodian in February 2010.

22. Dillard's' authorized representative in Richmond informed Plaintiff on November 29, 2010 that he was discharged because of the results of his consumer report.

23. Defendant failed to provide Edwards with a copy of the consumer report or a written summary of his rights under the FCRA before it informed him of his discharge.

24. Defendant also failed to provide Plaintiff with any of the notices required by § 1681m of the FCRA.

## FACTS COMMON TO ALL PLAINTIFFS

25. Section 1681b(b)(2)(A) of the FCRA regulates the conduct of persons who obtain a "consumer report" about employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], a *person* may not procure a *consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless* –
>
> a. a *clear and conspicuous disclosure has been made in writing* to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>
> b. the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

26. Section 1681b(b)(2)(A) therefore imposes the duty on Defendants to provide a "clear and conspicuous" disclosure to prospective or current employees that a consumer report about them will be procured. Further, 1681b(b)(2)(A) mandates that the disclosure must be

limited only to a disclosure that a consumer report may be obtained for employment purposes and to the written authorization of the prospective or current employee; no other documents or provisions are allowed. Section 1681b(b)(2)(A) thus prohibits Defendants from including or obtaining other information as part of the disclosure such as a release or waiver of rights or by using multiple conflicting documents to obtain the authorization.

27. Additionally, § 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

28. The purpose of 1681b(b)(3)(A) is to provide a prospective or current employees a sufficient amount of time to review the consumer report, correct any inaccuracies and to notify the prospective employer of these inaccuracies before an adverse action is taken.

29. Defendant procured a consumer report for Plaintiff and those similarly situated for employment purposes without first obtaining their written authorization to do so on a clear and conspicuous written disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

30. Defendant failed to provide a copy of the consumer report a sufficient amount of

time before it took the adverse action to allow Plaintiff and those similarly situated to discuss the report with Defendant or otherwise respond before the adverse action was taken.

31. Defendant fired Plaintiff and all similarly situated individuals without providing them with any advance notice that it was going to take that adverse action, without providing them with a copy of the consumer report, and without providing them with a summary of their rights under the FCRA.

32. Defendant also failed to hire similarly situated applicants for employment without providing them with any advance notice that it was going to take that adverse action, without providing them with a copy of the consumer report, and without providing them with a summary of their rights under the FCRA.

33. Section 1681m(2)(A) requires that the consumer be provided orally, in writing, or electronically the name, address and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to the person.

34. Section 1681m(2)(B) requires that the consumer be provided orally, in writing, or electronically a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken.

35. Section 1681m(3)(A) requires that the consumer be provided oral, written or electronic notice of the consumer's rights to obtain under section 1681j of this title, a free copy of a consumer report on the consumer from the consumer reporting agency referred to in paragraph (2), which notice shall include an indication of the 60-day period under that section for

obtaining such a copy.

36. Section 1681m(3)(B) requires that the consumer be provided oral, written or electronic notice of the consumer's rights to dispute under section 1681i of this title, with a consumer reporting agency the accuracy or completeness of any information in a consumer report furnished by the agency.

37. Defendant failed to provide the oral, written or electronic notices required by FCRA, U.S.C. § 1681m to Plaintiff and to similarly situated individuals who were already working at Defendant and who had applied for jobs and were rejected by Defendant based upon the results of their consumer reports.

38. Upon information and belief, it is Defendant's standard hiring practice to rely on consumer reports, and when the results are unsatisfactory to fire or refuse to hire people on the spot without the statutory disclosure or written authorization, without giving them any advance notice of the adverse action, without first providing them with a copy of their consumer report, without providing them with a summary of their rights under the FCRA before taking the adverse action, and without providing most of the oral, written or electronic notices required by the FCRA.

### Defendant Acted Willfully

39. Defendant knew or should have known about it legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

40. Defendant obtained or had available substantial written materials which apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover

these mandates.

41. The statutory language and mandates restricting and governing Defendant's business with respect to the FCRA have been in effect for decades.

42. Defendant's conduct was at least reckless in failing to make an appropriate and effective effort to ascertain the FCRA provisions governing its hiring and firing process.

43. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

44. As a result of these FCRA violations, Defendant is liable to Plaintiff and to each FCRA Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys fees and costs pursuant to §1681n and §1681o.

45. Plaintiff and FCRA Class Members are entitled to equitable relief against Defendant requiring its compliance with the FCRA in all future instances and/or re-employment of Plaintiff, and enjoining their future violations of the FCRA.

## CLASS ACTION ALLEGATIONS

46. **The FCRA Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

> All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and

during its pendency.

47. **The FCRA Sub-Classes**. Plaintiff also alleges the following FCRA Sub-Classses, of which Plaintiff is a member:

    a.    All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency, against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report before providing a copy of the consumer report as required by the FCRA, 15 U.S.C. § 1681b(b)(3)(A)(i);

    b.    All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency, against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report before providing a description in writing of the rights of the consumer under the FCRA, as required by the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii);

    c.    All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency, against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report without providing the consumer orally, in writing or electronically the name, address and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and

maintains files on consumers on a nationwide basis) that furnished the report to the person, as required by the FCRA, 15 U.S.C. §1681m(a)(2)(A);

d. All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency, against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report without providing an oral, written or electronic notice that the credit reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with the specific reason why the adverse action was taken, as required by the FCRA, 15 U.S.C. §1681m(a)(2)(B);

e. All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency, against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report without providing an oral, written or electronic notice of the consumer's right to obtain within 60 days a free copy of the consumer report on the consumer from the consumer reporting agency which prepared the report, as required by the FCRA, 15 U.S.C. §1681m(a)(3)(A);

f. All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency, against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report without providing an oral, written or electronic notice

of the consumer's right to dispute, under section 1681i of this title, with a consumer reporting agency the accuracy or completeness of any information in a consumer report furnished by the agency, as required by the FCRA, 15 U.S.C. §1681m(a)(3)(B).

48. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

49. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a. Whether Defendant violated §1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure;

    b. Whether Defendant violated §1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure in a document that consists solely of the disclosure;

    c. Whether Defendant obtained a written authorization to procure or cause to be procured consumer reports for employment purposes (§1681b(b)(2)(A)(ii);

    d. Whether Defendant provided a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee based on the results thereof (§1681b(b)(3)(A)(i));

e. Whether Defendant provided a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee (§ 1681b(b)(3)(A)(ii));

f. Whether the Defendant provided to the consumer orally, in writing or electronically the name, address and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to the person (§ 1681m(a)(2)(A));

g. Whether the Defendant provided oral, written or electronic notice of the adverse action to the consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with the specific reasons why the adverse action was taken (§ 1681m(a)(2)(B));

h. Whether the Defendant provided oral, written or electronic notice of the consumer's right to obtain a free copy of the consumer report on the consumer from the consumer reporting agency which prepared the report (§ 1681m(a)(3)(A));

i. Whether the Defendant provided oral, written or electronic notice of the consumer's right to dispute under section 1681i with a consumer reporting agency the accuracy or completeness of any information in a consumer report furnished by the agency (§ 1681m(a)(3)(B));

  j.  Whether Defendant knowingly or intentionally acted in conscious disregard of the rights of the consumer;

50. **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff for class certification purposes seeks only statutory and punitive damages. Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

51. **Adequacy.** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

52. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system

presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

53. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

## COUNT ONE: VIOLATION OF THE FCRA §1681b(b)(2)(A)(i)

54. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

55. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(2)(A)(i), because it failed to provide a clear and conspicuous written disclosure in a document that consists solely of the disclosure to applicants and employees that a consumer report may be obtained for employment purposes.

56. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

57. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

58. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

## COUNT TWO: VIOLATION OF THE FCRA §1681b(b)(2)(A)(i)

59. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

60. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(2)(A)(ii), because it failed to obtain a valid authorization in writing to procure a consumer report for employment purposes from Plaintiff and those similarly situated applicants and employees.

61. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

62. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

63. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT THREE: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(i)

64. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

65. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(i), because it failed to provide a copy of the consumer report used to make an employment decision to Plaintiff and all other similarly situated applicants and employees before taking an adverse action that was based in whole or in part on that report.

66. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

67. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to

15 U.S.C. § 1681n(a)(2).

68.  In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT FOUR: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(ii)

69.  Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

70.  Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), because it failed to provide Plaintiff and all other similarly situated applicants and employees the summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on a consumer report.

71.  Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

72.  Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

73.  In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT FIVE: VIOLATION OF THE FCRA § 1681m(a)(2)(A)

74.  Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

75.  Defendant willfully violated the FCRA, 15 U.S.C. § 1681m(a)(2)(A), because it

failed to provide Plaintiff and all other similarly situated applicants and employees orally, in writing or electronically the name, address and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to the person.

76. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

77. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

78. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT SIX: VIOLATION OF THE FCRA § 1681m(a)(2)(B)

79. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

80. Defendant willfully violated the FCRA, 15 U.S.C. § 1681m(a)(2)(B), because it failed to provide Plaintiff and all other similarly situated applicants and employees with oral, written or electronic notice that the credit reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with the specific reason why the adverse action was taken.

81. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

82. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to

15 U.S.C. § 1681n(a)(2).

83. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT SEVEN: VIOLATION OF THE FCRA § 1681m(a)(3)(A)

84. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

85. Defendant willfully violated the FCRA, 15 U.S.C. § 1681m(a)(3)(A), because it failed to provide Plaintiff and all other similarly situated applicants and employees with oral, written or electronic notice of the consumer's right to obtain within 60 days a free copy of the consumer report on the consumer from the consumer reporting agency which prepared the report.

86. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

87. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

88. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT EIGHT: VIOLATION OF THE FCRA § 1681m(a)(3)(B)

89. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

90. Defendant willfully violated the FCRA, 15 U.S.C. § 1681m(a)(3)(B), because it

failed to provide Plaintiff and all other similarly situated applicants and employees with oral, written or electronic notice of the consumer's right to dispute under section 1681i with a consumer reporting agency the accuracy or completeness of any information in a consumer report furnished by the agency.

91. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

92. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

93. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

94. If and when appropriate, Plaintiff seeks issue certification as to whether Defendant's violations of the FCRA, 15 U.S.C. §1681b and §1681m, were negligent.

95. Every paragraph in this Complaint is hereby incorporated into every other paragraph.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1. an order certifying the proposed FCRA class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

2. the creation of a common fund available to provide notice of and remedy Defendant's FCRA violations;

3. statutory and punitive damages;

4. injunctive relief as pled;

5. attorney's fees, expenses and costs;

6. pre-judgment and post-judgment interest as provided by law; and

7. such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

**WILLIAM C. EDWARD,**
**For himself and on behalf of all similarly situated individuals.**

By: *Christopher Colt North* (signature)
Of Counsel

*1-13-11*

Christopher Colt North
VSB #16955
Attorney for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax:   (757) 873-8375
Email: cnorthlaw@aol.com